UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WAYNE HOOPER,

                          Plaintiff,

    v.                                                 Civil Action No. _____

MALEN & ASSOCIATES, P.C.,   and
PORTFOLIO RECOVERY ASSOCIATES, LLC,

                          Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Wayne Hooper is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Malen & Associates P.C., (hereinafter "Malen") is a domestic professional corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Portfolio Recovery Associates, LLC, (hereinafter "Portfolio") is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6)

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff incurred a debt. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That upon information and belief Defendant Malen was employed by Defendant Portfolio, current creditor, to collect on the subject debt.

13. That in or about September 2007, Plaintiff entered into a stipulated settlement agreement with Defendants. Plaintiff agreed to pay $200.00 per month until the subject debt was paid off. Plaintiff agreed to waive all his defenses and counterclaims. Plaintiff agreed that if any payments were missed, Defendants would send Plaintiff a notice to cure, and if the subject debt was not cured within 10 days, judgment would be entered against Plaintiff.

14. That on or about January 8, 2010, Defendants entered judgment against Plaintiff in Erie County. That Defendants entered judgment on the subject debt without giving Plaintiff a notice to cure as agreed to in the stipulated settlement.

15. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.


## V. CAUSE OF ACTION

16. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

17. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendants violated 15 U.S.C. §1692f(1) by entering judgment against Plaintiff without Plaintiff missing a payment and Defendants failing give Plaintiff notice to cure as agreed upon in the stipulated settlement. Said action by Defendants was an unfair and unconscionable means to collect the subject debt.

18. That as a result of the Defendants' FDCPA violation as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a)  Actual damages;

    (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 19, 2010

/s/ Kimberly T. Irving_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      kirving@kennethhiller.com